**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MICHAEL S. GRIFFIS,
ADC # 134561                                                                                    PLAINTIFF

V.                                        5:10cv00242BSM/JTK

RAY HOBBS, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a state inmate who is confined at the Diagnostic Unit of the Arkansas Department of Correction, filed this pro se 42 U.S.C. § 1983 action, alleging violations of his First, Fifth, and Fourteenth Amendment rights by the Defendants. Plaintiff asks for monetary and injunctive relief.

After carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted. Accordingly, the Court finds that Plaintiff's Complaint should be dismissed with prejudice, and that dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).

**I.   SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:

(a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    FACTS**

Plaintiff alleges three separate claims in his complaint. With respect to the first claim, Plaintiff states he was called into the office of Defendant Deputy Warden Lowe on November 23, 2009, in reference to a certified letter which was sent to Defendant by a private law firm, Rainwater, Holt and Sexton. This certified letter contained a document entitled, "Satisfaction of Judgment", a check made out to the Plaintiff in the amount of $7, 207.00, and a letter stating that Plaintiff was required to sign the Satisfaction of Judgment

document prior to receiving the check.[1] Plaintiff states Defendant explained the letter and the documents to him, and Plaintiff told Defendant he did not want to sign the document and he did not want the check. The next day, Plaintiff states he received the same certified mail envelope from the mail room, with a note signed by Defendant Coats which stated that although the check was returned to the law firm with a note stating that Plaintiff refused to accept it, the law firm in turn sent it back to the Unit, and Defendant Coats had "no choice but to put it into your account." Plaintiff filed an informal resolution (grievance) about this incident, and met with Defendants Lowe and Shope (the mail room supervisor), together with two other non-parties, in an effort to resolve the issue. Defendant Shope stated after Plaintiff initially refused to sign the document and accept the check, she took the letter to the post office to be mailed back to the law firm. Defendant Lowe did not know how Defendant Coats obtained the check, and did not know why the check ultimately was deposited in Plaintiff's account. He told Plaintiff checks could be deposited in inmates' accounts without endorsement by the recipient. The issue was not resolved at that time, and Plaintiff filed a formal grievance about the matter. Defendants Warden Evans and Deputy Director Ray

---

[1] This apparently related to a proposed settlement proffered to Plaintiff in a separate, unrelated action.

Hobbs[2] ultimately responded to Plaintiff's grievance appeals.

Plaintiff then filed an action with the Arkansas Claims Commission, alleging his check was improperly deposited in his inmate account and this prevented him from objecting to the settlement set forth in the documents from the Rainwater Law Firm. Defendant Richards represented the ADC in the Claims Commission action, and filed a response to Plaintiff's request for admissions which stated that the ADC denied any and all allegations. Defendant Richards also filed a motion to dismiss on the behalf of the ADC. Plaintiff alleges that Defendant Hodges, the Director of the Claims Commission, stated in a letter that Plaintiff would be notified of a hearing date, but that the Commission ruled without a hearing on June 10, 2010, and granted the motion to dismiss filed by the ADC. Plaintiff filed an appeal to the Arkansas General Assembly, and had not received a response to his appeal at the time of the filing of the present complaint. Plaintiff states he has since mailed letters to the FBI, the members of the Arkansas Senate and House of Representatives, the Arkansas Civil Liberties Union, and members of the press, complaining about the actions of the ADC and the Claims Commission.

With respect to the second claim, Plaintiff alleges that he was charged with two disciplinary violations, one in January, 2010 (referred to by Plaintiff as the "mop incident"),

---

[2]Defendant Hobbs is now the Director of the ADC.

5

and the other in April, 2010 (referred to as the "hospital incident").  Plaintiff alleges he was found guilty of both disciplinary charges, which were affirmed on appeal by Defendants Evans and Gibson.

In his third claim, Plaintiff alleges problems with his legal mail, and states that he has not received any responses from numerous letters and documents he mailed to entities and individuals (as mentioned above), complaining about the Claims Commission matter.  Plaintiff states because he has not received responses, the letters and documents must not have been sent out by the Unit mail room, and that when he sent a letter complaining about the matter to Defendant Warden Howell, she admitted she had not yet looked into Plaintiff's complaint.   In addition, he complains that on one occasion, Defendant McCool refused to notarize a document for him, but that another officer later notarized the document for him.  He also states Defendant Ballard on one occasion did not allow him to seal his legal mail, and that on one occasion legal mail was delivered to him, opened.

**III. Analysis**

1) Claims Commission Action - The Court finds these allegations should be dismissed, because Plaintiff  was afforded adequate due process by the Claims Commission proceeding, and  he is estopped from further litigating the issue or claim in any other forum.  Plaintiff acknowledges he has pursued an appeal in the matter to the General Assembly, but

that he has not yet received a response. In Steffen v. Housewright, 665 F.2d 245, 246-7 (8th Cir. 1981), the Court stated the doctrine of collateral estoppel precluded litigation of a claim for lost property against the defendants, after the inmate plaintiff had proceeded with the same claim before the Arkansas Claims Commission. "The doctrine of collateral estoppel precludes re-litigation of factual issues actually litigated and determined in a prior suit." Id. In addition, in Price v. Harris, 722 F.2d 427 (8th Cir. 1983), the inmate plaintiff filed an action pursuant to 42 U.S.C. § 1983, arguing that the Claims Commission, in a previous action, denied him due process. The Court in Price stated that the plaintiff was afforded adequate due process before the Claims Commission to redress his loss, and, citing Steffen, supra, stated that the Commission's decision collaterally estopped the district court from further litigating his claim.

Such is the case here. Plaintiff is attempting to re-litigate the issue of the deposit of the settlement check in his inmate account, despite his prior objections. The Court finds that Plaintiff was provided an adequate remedy through the Claims Commission process and that he should be estopped from attempting to re-litigate the issues in this forum.[3]

---

[3] The Court also notes, as a point of information only, that in their motion to dismiss, filed in the Claims Commission action, the ADC noted that once the money was deposited in Plaintiff's account, he immediately began to spend it. The Court also notes that the in forma pauperis application filed by Plaintiff with his present complaint, lists his current account balance as $0.00.

7

2) Disciplinary violations - Although Plaintiff states he was charged with two disciplinary violations and ultimately convicted, he does not set forth any facts to support a finding of a Constitutional violation. Plaintiff does not name any individuals with respect to the charging of the disciplinary violations or the hearings which followed, and states only that Defendants Gibson and Evans were involved in denying his appeals. Furthermore, he does not allege that he was denied due process during any particular stage of the proceedings. Therefore, the Court finds these allegations fail to state a claim upon which relief may be granted.

3) Legal Mail/Access to the Courts - Similarly, Plaintiff does not state a First Amendment claim for relief with respect to his legal mail allegation. First of all, the Court notes that Plaintiff's allegation is predicated on the fact that he has not received responses to letters he mailed to the FBI, the Arkansas Civil Liberties Union, the press, the members of the Arkansas General Assembly, and others. He does not allege that any specific individual withheld his legal mail or any other facts to support his conclusions. Furthermore, the failure to notarize a document, the failure to seal an envelope, and the receipt of opened legal mail do not, in and of themselves, support a Constitutional claim for relief. In order to set forth an action for denial of access to the Courts, Plaintiff must allege that he suffered some type of injury. In <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the United States Supreme

Court stated that an inmate alleging a denial of this constitutional right must show "actual injury." This injury can not be established by alleging that the prison law library or legal assistance program "is sub-par in some theoretical sense,"... but plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 349. Plaintiff does not allege that any of the above-mentioned actions resulted in an injury to a legal claim he was pursuing, and therefore, the Court finds the allegations must be dismissed.

Accordingly, the Court finds Plaintiff's Complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, supra. For these reasons, Plaintiff's complaint should be dismissed for failure to state a claim, and the dismissal of this action should constitute a "strike" under 28 U.S.C. § 1915(g).

## IV.  CONCLUSION

IT IS, THEREFORE, ORDERED that this action be DISMISSED, and that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

---

[4]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations would not be taken in good faith.

IT IS SO ORDERED this 27th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE