IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MICHAEL S. GRIFFIS,**
**ADC #134561**                                                                                          **PLAINTIFF**

**v.**                         **CASE NO. 5:10CV00242 BSM/JTK**

**RAY HOBBS et al.**                                                                                  **DEFENDANTS**

### ORDER

The proposed findings and recommended disposition submitted by United States Magistrate Judge Jerome T. Kearney and the filed objections have been reviewed. After carefully considering these documents and making a *de novo* review of the record, it is concluded that the proposed findings and recommended disposition should be, and hereby are, approved and adopted with modification as to the analysis of plaintiff's first claim.

Plaintiff Michael S. Griffis objects to the finding in the recommended disposition that he is collaterally estopped from asserting that defendants improperly deposited a $7,207 settlement check into his inmate account. This is important because Griffis claims that by depositing this check into his account, over his objections and instructions to the contrary, defendants eliminated his ability to pursue his civil claims against a third-party defendants, which he claims are valued at far more than the amount of the settlement check. Griffis correctly brought this issue before the Arkansas Claims Commission (ACC) which, upon the State of Arkansas's motion, dismissed it with prejudice.

Although the recommended disposition's holding that Griffis is collaterally estopped from relitigating this claim is correct, the facts in the cited cases are distinguishable from the

facts herein. This is the case because Griffis's claim was dismissed prior to receiving a formal hearing, while the plaintiffs in the cited cases were all afforded hearings. *See Steffen v. Housewright*, 665 F.2d 245, 246 n.3 (8th Cir. 1981) (noting that the plaintiff appeared at a hearing before the commission and was allowed to testify at length and offer evidence); *Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983) (noting that commission conducted an evidentiary hearing). As Griffis correctly points out in his objections to the recommended disposition, his case was dismiss without a formal hearing.

The issue, therefore, is whether the ACC's dismissal herein has *res judicata* effect. The basic idea of issue preclusion is that a later court must honor an earlier court's actual decision of a matter that has been actually litigated. 18 Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4416 (2d ed. 2002). In the Eighth Circuit, there are five requirements that must be satisfied in order for issue preclusion to bar relitigation: (1) the same issue must be involved in both actions, (2) the issue must be actually litigated in the first action after a full and fair opportunity for litigation; (3) the issue must be actually decided in the first action on the merits; (4) the disposition must be sufficiently final; and (5) resolution of the issue must have been necessary in the first action. *John Morrell & Co. v. Local 304A, United Food and Commercial Workers*, 913 F.2d 544, 562 n.16 (8th Cir. 1990).

The first, third, fourth, and fifth requirements are easily met, and Griffis does not argue otherwise. Griffis does, however, argue that the commission's order dismissing his case for failure to state a claim without a hearing denied him a full and fair opportunity to be heard. This is a too-literal construction of the "actual litigation" requirement. Indeed, the

2

Restatement (Second) of Judgments provides, in pertinent part that

> [w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated . . . [even when] submitted and determined on *a motion to dismiss for failure to state a claim*, a motion for judgment on the pleadings, a motion for summary judgment, a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict. Restatement (Second) of Judgments § 27 cmt. d (1982).

In other words, for issue preclusion to apply, the first court does not have to conduct an actual "hearing." All that is required is that the litigant have "a fair opportunity procedurally, substantively, and evidentially to pursue his claim the first time." *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 333 (1971).

Griffis does not allege how he was deprived of procedural, substantive, and evidentiary fairness by the ACC. He merely asserts that he was denied due process because the ACC ruled on his case without holding an evidentiary hearing. This, however, is not the law. *See Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983) (holding that a judgment entered on a motion to dismiss or motion for summary judgment is final for purposes of *res judicata*).

Accordingly, the recommended disposition of Griffis's first claim is adopted for the reasons set forth above, and the recommended disposition as to his remaining two claims is adopted in all respects and in its entirety.

IT IS THEREFORE ORDERED that:

1. Plaintiff's complaint is hereby DISMISSED, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

2.	It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order would not be taken in good faith.

Dated this 5th day of November, 2010.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE